UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN SATCHELL,

                    Plaintiff,

            -against-

EMPLOYEE'S OF DEPT OF D.O.C.C
CLINTON CORRECTIONAL FACILITY, et al.,

                    Defendants.

1:25-CV-1971 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff John Satchell, who is currently incarcerated in the Clinton Correctional Facility,

brings this *pro se* action asserting claims under 42 U.S.C. § 1983.[1] Named as defendants are:

(1) "Employee's of Dept of D.O.C.C. Clinton Correctional Facility [*sic*]"; (2) the State of New

York; and (3) multiple unidentified Correctional Officers assigned to the Clinton Correctional

Facility. For the following reasons, the Court transfers this action to the United States District

Court for the Northern District of New York.[2]

## DISCUSSION

        The applicable venue provision for Plaintiff's claims can be found at 28 U.S.C.

§ 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be

brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated; or (3) if

---

[1] The Court notes that Plaintiff's complaint, *in forma pauperis* application, and prisoner
authorization are all styled for the United States District Court for the Eastern District of New
York.

[2] On March 19, 2025, the court received a letter from Plaintiff. (ECF 5.) It does not affect
the Court's decision to transfer this action.

there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

While the State of New York resides within this judicial district, and in every other federal judicial district within the State of New York, Plaintiff does not allege where any of the other defendants reside. Thus, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1). He does allege, however, that the events that are the bases for his claims took place at the Clinton Correctional Facility, which is located in Clinton County, New York. Clinton County lies within the Northern District of New York. *See* 28 U.S.C. § 112(a). Thus, the United States District Court for the Northern District of New York, and not this court, is a proper venue for this action under Section 1391(b)(2).[3]

Under 28 U.S.C. § 1404(a), even if a case is filed in a federal district court where venue is proper, a court may transfer the case to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling

---

[3] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The underlying events allegedly occurred at the Clinton Correctional Facility, in Clinton County, within the Northern District of New York, where all of the individual defendants are alleged to be assigned, and it is reasonable to expect that relevant documents and witnesses would also be located in that judicial district. Thus, the United States District Court for the Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 21, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge